[No. 36314.   Department One.   October 4, 1962.]

OLE WOLLAN et al., *Respondents*, v. ALLAN R. BILLETT, *as Administrator, Appellant.*\*

*Burkey, Marsico & Burkey*, for appellant.

*Comfort, Dolack & Hansler* (*Robert A. Comfort*, of counsel), for respondents.

FOSTER, J.—Defendant, administrator of the estate of Anna Belle Tapia, deceased, appeals from the respondents' judgment for personal injuries sustained in a motor vehicle accident. Appellant's intestate died as the result of the collision and was not able to testify.

Respondents, husband and wife, plaintiffs in the trial court, were proceeding east on a Tacoma street. Appellant's intestate was traveling west. The negligence claimed

\*Reported in 375 P. (2d) 146.

was that the deceased crossed the center line and collided with the respondents' car on the respondents' side of the road. An eyewitness testified that he observed the tail-lights of the respondents' vehicle at all material times and that the vehicle was, at all material times, on the right side of the street and traveling at a normal rate of speed. There was no testimony to the contrary.

█ A member of the traffic division of the Tacoma police department was called as a witness for the respondents. On cross-examination, appellant's counsel inquired if the witness could fix the point of impact, to which he replied "Not exactly, no, sir." Thereafter, on redirect examination, he did express his opinion on the point in question, to which the appellant's counsel objected on the ground that the witness was not qualified as an expert. Assuming the objection valid, it was waived by the appellant in opening the inquiry.

█ The court instructed the jury respecting the Tacoma ordinance regulating driving on the wrong side of the street. In the next instruction, the court advised that the violation of the ordinance was negligence as a matter of law. This, in turn, was followed by one advising the jury:

"The operator of a motor vehicle on its left side of the road involved in a collision with a vehicle lawfully travelling on its right side of the road, is guilty of negligence unless the operator whose car was on the left comes forward with evidence excusatory of his conduct. . . ."

There was no error. The quoted instruction was more generous to the appellant than required because there was no excusatory evidence presented.

Error is assigned on the refusal to instruct respecting the presumption of due care by the deceased because the law

" . . . affords a driver the right to justify his action in crossing over the center line, or to show some excuse therefor arising out of the circumstances beyond his control and without his fault."

We find no error in this regard because there was no attempt to present excusatory evidence.

We find no error and the judgment is affirmed.

FINLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.